# NRDC

February 28, 2017

VIA CERTIFIED MAIL

Scott Pruitt
Administrator
U.S. Environmental Protection Agency
William Jefferson Clinton Building
1200 Pennsylvania Avenue, NW
Mail Code: 1101A
Washington, DC 20460

Cecil A. Rodrigues
Acting Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

RE: Notice of Intent to File a Citizen Suit under the Clean Water Act

Dear Administrator Pruitt and Acting Regional Administrator Rodrigues,

  Urban stormwater runoff is one of the most significant sources of water pollution in the mid-Atlantic region. The United States Environmental Protection Agency (EPA) has both a duty to combat this pollution and the legal tools to do so. Nonetheless, EPA has refused to make use of those tools.

  On September 17, 2015, the Natural Resources Defense Council (NRDC), Blue Water Baltimore, and American Rivers petitioned EPA for a determination that stormwater discharges from commercial, industrial, and institutional (CII) sites in the Back River watershed in Maryland are contributing to water quality standard violations. Under the Clean Water Act and its implementing regulations, our petition triggered a mandatory duty for EPA to conclude either that: (1) the referenced discharges are contributing to water quality standard violations, and require permits; or (2) the referenced discharges are not contributing to water quality standard violations. Instead, the agency refused to answer the question, denying our petition on the grounds that the consequences of such a finding—

permit requirements for such facilities—would be "unwarranted" and "inefficient." This refusal to make the required determination constitutes a failure to perform a nondiscretionary act, and is unlawful under the Clean Water Act.

On behalf of NRDC, Blue Water Baltimore, and American Rivers, we write to ask you to perform your duty under the Clean Water Act to make a determination whether these discharges are contributing to water quality standard violations in the Back River. We also provide notice pursuant to 33 U.S.C. § 1365(b)(2) that, sixty days from your receipt of this letter, we intend to file suit against EPA and you in your official capacities as Administrator and Acting Regional Administrator for failure to perform a nondiscretionary duty under the Act pursuant to 33 U.S.C. § 1365(a)(2).

### I.   Urban stormwater runoff is impairing water quality in the Back River

Stormwater runoff is "one of the most significant sources of water pollution in the nation." *Envtl. Def. Ctr. v. EPA*, 344 F.3d 832, 840 (9th Cir. 2003). The problem is of particular concern in urban areas, where impervious surfaces cover large segments of a watershed. These surfaces generate both a greater volume of runoff and higher concentrations of pollutants than undisturbed land, resulting in dramatically increased pollutant loadings.

Unsurprisingly, this increased pollution contributes to water body impairments and violations of water quality standards. According to the National Research Council, as of 2002, urban stormwater runoff sources were "responsible for about 38,114 miles of impaired rivers and streams, 948,420 acres of impaired lakes, 2,742 square miles of impaired bays and estuaries, and 79,582 acres of impaired wetlands." National Research Council, Committee on Reducing Stormwater Discharge Contributions to Water Pollution, *Urban Stormwater Management in the United States* 25 (2009), *available at* http://www.nap.edu/catalog.php?record_id=12465. Indeed, the National Research Council believes that these values *underestimate* the actual extent of impairments. *Id.*

The entire Back River watershed is currently failing to meet water quality standards for nutrients (nitrogen and phosphorus) and sediments. As a result, streams in the watershed are not suitable for their designated uses, which include

recreation, fishing, aquatic life, and wildlife uses. Stormwater and urban runoff from CII sites are undoubtedly contributing to the problem: these sites make up more than twenty percent of the land area in the watershed, and modeling indicates they contribute disproportionately high levels of nitrogen, phosphorus, and sediment loadings to the Back River and its tributaries. Nonetheless, stormwater discharges from these significant pollutant sources are not directly regulated by permits.

II. **EPA has failed to fulfill its nondiscretionary duty under the Clean Water Act to determine, in response to a petition, whether the cited category of stormwater discharges is contributing to water quality standard violations in the Back River**

The fundamental goal of the Clean Water Act is to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve this goal, the Act requires EPA and delegated states to set minimum water quality standards for each body of water covered by the Act. *Id.* § 1313; 40 C.F.R. § 131.2. These standards set tailored goals for the water body based on the uses to be made of the water and criteria that ensure such uses are safe and protected. 40 C.F.R. § 131.2.

The Clean Water Act prohibits the discharge of pollutants from a point source without a permit. 33 U.S.C. §§ 1311(a), 1362(12)(A). Although the Act exempts certain stormwater discharges from this prohibition, *see id.* § 1342(p)(1), that exemption does not cover "[a] discharge for which the Administrator . . . determines that the stormwater discharge contributes to a violation of a water quality standard," *id.* § 1342(p)(2)(E). Stormwater discharges that the Administrator determines are contributing to water quality standard violations are required to obtain National Pollutant Discharge Elimination System (NPDES) permits. *See id.*; 40 C.F.R. § 122.26(a)(1)(v), (a)(9)(i)(D).

Any person may petition EPA "to require a NPDES permit for a discharge which is composed entirely of storm water which contributes to a violation of a water quality standard." 40 C.F.R. § 122.26(f)(2). The Director "*shall* make a final determination" on such a petition within ninety days. *Id.* § 122.26(f)(5) (emphasis added).

3

On September 17, 2015, NRDC, Blue Water Baltimore, and American Rivers submitted a petition to the Region 3 Administrator pursuant to 40 C.F.R. § 122.26(f)(2). Petition at 2, 9 (attached as Exhibit A). The petition provided evidence that CII sites occupy a significant percentage of the watershed and are located within close proximity to waterways; that these sites have large areas of impervious cover; that stormwater discharges from the sites contain nitrogen, phosphorus, and sediment; that these sites are responsible for both higher-than-average volumes of runoff and higher-than-average pollutant concentrations; and that these discharges are contributing to water quality violations throughout the Back River watershed. *See generally id.* Accordingly, we asked the Regional Administrator

> for a determination that currently unpermitted stormwater discharges from privately-owned commercial, industrial, and institutional sites are contributing to violations of water quality standards in the Back River watershed (Baltimore, Maryland), and therefore require National Pollutant Discharge Elimination System (NPDES) permits pursuant to Section 402(p) of the Clean Water Act.

*Id.* at 2.

More than a year later, EPA responded to the petition and "concluded that it will not issue a categorical designation of all currently unregulated stormwater discharges from commercial, industrial and institutional sites in the Back River watershed." EPA Denial of Petition, Enclosure at 18 (attached as Exhibit B). However, nowhere in its response did EPA make a determination, *either way*, as to whether these sites are contributing to violations of water quality standards in the Back River watershed. Rather, the agency indicated that, because unrelated programs are being implemented pursuant to other provisions of the Clean Water Act, "exercise of residual designation authority to require stormwater permits for unregulated CII stormwater discharges is not warranted and would be an inefficient use of already limited resources." *Id.*

This response fails to fulfill EPA's obligations under the Clean Water Act. The Act provides that EPA must require permits for stormwater discharges once the agency determines that the discharge is contributing to a water quality standard violation. 33 U.S.C. § 1342(p)(2)(E); 40 C.F.R. § 122.26(a)(1)(v), (a)(9)(i)(D).

4

Further, stormwater regulations promulgated under the Act provide any person with the right to petition EPA to make that determination, and require the agency to make a final determination on any such petition within ninety days. 40 C.F.R. § 122.26(f)(2), (f)(5). Once a petition is submitted, EPA has a nondiscretionary duty to make a determination within ninety days as to whether the discharge does, or does not, meet the sole relevant statutory criterion. EPA cannot ignore its duty simply because it would prefer to pursue a different regulatory approach, or because it deems the Clean Water Act's requirements "not warranted" or "inefficient." EPA Denial of Petition, Enclosure at 18.

To date, EPA has not made a determination as to whether unregulated CII stormwater discharges are contributing to water quality violations in the Back River watershed. The agency has thus failed to perform an act or duty which is nondiscretionary within the meaning of 33 U.S.C. § 1365(a)(2).

## Relief Sought

NRDC, Blue Water Baltimore, and American Rivers will seek an order requiring the agency to make a final determination, one way or the other, on the issue presented in their 2015 petition: whether the discharges in question cause or contribute to violations of water quality standards.

## Parties Giving Notice

As required by 40 C.F.R. § 135.3(b), the names, addresses, and telephone numbers of the organizations giving notice pursuant to this letter are as follows:

Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
Attention: Rebecca Hammer
(202) 513-6254

Blue Water Baltimore
3545 Belair Road
Baltimore, MD 21213
Attention: Angela Haren
(410) 254-1577

American Rivers
120 Union Street
Nevada City, CA 95959
Attention: Jeffrey Odefey
(530) 478-0206

<u>Conclusion</u>

By failing to make a determination in response to a petition as to whether the discharges in question cause or contribute to violations of water quality standards in the Back River watershed, EPA has failed to perform a nondiscretionary duty under the Clean Water Act. This violation is continuing, and members of NRDC, Blue Water Baltimore, and American Rivers are being harmed by the agency's failure to fulfill its obligations. We hereby give notice that, if EPA fails to cure this violation within sixty days of receipt of this letter, we intend to file suit in federal district court seeking declaratory relief, injunctive relief, and litigation costs, as appropriate. As required by 40 C.F.R. § 135.2(b), we are sending a copy of this notice letter by certified mail to the Attorney General of the United States.

In the meantime, we remain open to further discussions about these violations and potential remedies. Please do not hesitate to contact us if you would like to discuss this matter further.

Respectfully,

*Sarah Fort*

Sarah Fort
Aaron Colangelo
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
(202) 513-6247
sfort@nrdc.org
acolangelo@nrdc.org

Nancy S. Marks
Natural Resources Defense Council
40 W. 20th Street, 11th Floor
New York, NY 10011
(212) 727-4414
nmarks@nrdc.org

*Counsel for*:

Natural Resources Defense Council
Blue Water Baltimore
American Rivers

cc via certified mail, return receipt requested:

> Attorney General Jeff Sessions
> U.S. Department of Justice
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530