IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BLUE WATER BALTIMORE, INC., et al., :

    Plaintiffs, :

v. :     Civil Action No. GLR-17-1253

SCOTT PRUITT, et al., :

     :

    Defendants.

     :

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Scott Pruitt, Cecil A. Rodrigues, and the United States Environmental Protection Agency's (collectively, the "EPA") Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 13). This action arises from the EPA's denial of Plaintiffs Blue Water Baltimore, Inc., Natural Resources Defense Council, Inc., and American Rivers' petition under 40 C.F.R. § 122.26(f)(2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant in part and deny in part the Motion.

### I.     BACKGROUND[1]

On September 17, 2015, Plaintiffs petitioned the EPA under 40 C.F.R. § 122.26(f)(2), requesting that the EPA determine whether storm water discharges

---

[1] Unless otherwise noted, the Court takes the following facts from Plaintiffs' Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

emitted by certain commercial, institutional, and industrial ("CII") water users contribute to a violation of a water quality standard in Baltimore's Back River watershed. (Defs.' Mot. Dismiss Attach. A, ECF No. 13-2). On November 3, 2016, after more than a year of consideration, the EPA denied Plaintiffs' petition. (Defs.' Mot. Dismiss Attach. B, ECF No. 13-3).

On February 28, 2017, Plaintiffs filed a petition in the United States Court of Appeals for the Fourth Circuit for review of the EPA's decision. Blue Water Balt. v. Pruitt, No. 17-1258 (4th Cir. filed Feb. 28, 2017). Plaintiffs simultaneously filed a motion to hold the case in abeyance, believing their claims should be brought in district court in the first instance. Id. Over the EPA's opposition, the Fourth Circuit granted Plaintiffs' motion to hold the case in abeyance. Id.

Plaintiffs filed the instant action on May 8, 2017. (ECF No. 1). They bring three counts: one under the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(2) (2018) (Count I); and two under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2) (2018) (Counts II–III). (Compl. ¶¶ 70–83, ECF No. 1). Plaintiffs seek a declaration that the EPA violated the CWA and the APA and an order directing the EPA to determine "whether CII discharges contribute to violations of water quality standards in the Back River watershed." (Id. at 15).

The EPA now moves to dismiss all three claims for lack of subject matter jurisdiction. (ECF No. 13). Plainiffs filed an Opposition on August 10, 2017. (ECF No. 16). The EPA filed a Reply on August 30, 2017. (ECF No. 17).

## II.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction.  A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'"  Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).  When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration."  Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence.  U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).  In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697

F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence to determine its jurisdiction, Adams, 697 F.2d at 1219.

**B.    Analysis**

    **1.    CWA Claim (Count I)**

Plaintiffs bring Count One based on the citizen suits provision of the CWA. See 33 U.S.C. § 1365. Under this provision, any person may sue the Administrator of the EPA for "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." Id. at § 1365(a)(2). Congress's intent to waive sovereign immunity in § 1365(a)(2) is clear, as is its intent to limit that waiver to "suits alleging a failure of the Administrator to perform a non-discretionary duty." Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001) (emphasis added).

Both parties agree the CWA does not itself impose on the EPA a non-discretionary duty to decide whether the discharges in question contribute to a violation of a water quality standards. Plaintiffs, however, argue that certain regulations promulgated by the

4

EPA pursuant to the CWA create such a duty. Even assuming, without deciding, that a regulation can create a non-discretionary duty, neither of the regulations plaintiffs cite—40 C.F.R. §§ 122.26(f)(2) and 122.26(a)(9)(i)(D)—imposes the duty they contend it does.

Section 122.26(f)(2) states: "[a]ny person may petition the Director to require a [Natural Pollutant Discharge Elimination System ("NPDES")] permit for a discharge which is composed entirely of storm water which contributes to a violation of a water quality standard or is a significant contributor of pollutants to waters of the United States." This provision simply authorizes individuals to petition the EPA. It imposes no duty on the EPA.

Section 122.26(a)(9)(i)(D) states:

> On and after October 1, 1994, for discharges composed entirely of storm water, that are not required by paragraph (a)(1) of this section to obtain a permit, <u>operators shall be required to obtain a NPDES permit only if</u> . . . [t]he Director, or in States with approved NPDES programs either the Director or <u>the EPA Regional Administrator, determines that the discharge, or category of discharges within a geographic area, contributes to a violation of a water quality standard</u> or is a significant contributor of pollutants to waters of the United States.

(emphasis added). Reordering the operative language, this provision reads: "only if [the Administrator] determines that the discharge . . . contributes to a violation of a water quality standard" "shall" "the operators be required to obtain a NPDES permit." <u>Id.</u>

Plaintiffs believe § 122.26(a)(9)(i)(D) imposes a non-discretionary duty on the Administrator to decide whether the discharges in question contribute to a violation of a water quality standard in the Back River watershed. The EPA, on the other hand,

5

believes this regulation imposes no affirmative duty. Instead, it interprets the regulation as a prohibition. It believes the regulation forbids the Administrator from requiring operators to obtain a permit where a discharge does not contribute to a violation of a water quality standard, but otherwise leaves the Administrator discretion to require a permit as he sees fit, based on all available information and all relevant considerations.

The EPA's interpretation of its own regulation is entitled to significant deference. See generally Auer v. Robbins, 519 U.S. 452 (1997); see also Kentuckians for Commonwealth, Inc. v. Rivenburgh, 317 F.3d 425, 439 (4th Cir. 2003) (observing that a "reviewing court does not have much leeway" when reviewing an agency's interpretation of its own regulation). Only where an agency's interpretation of its own regulation is "plainly erroneous or inconsistent with the regulation" should the court correct that interpretation. Id. at 461 (quoting Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 359 (1989)). The EPA's interpretation is not "plainly erroneous" nor "inconsistent with the regulation." See id. In fact, it is logical.

Plaintiffs' interpretation would be logical if the statute read: "the Administrator shall require operators to obtain a permit if he determines that a discharge contributes to a violation of a water quality standard." If so written, the mandatory language in the statute—"shall"—would refer to an obligation imposed on the Administrator under certain conditions.

As actually written, however, the mandatory language refers to an obligation that may be imposed on the operators under certain conditions. The provision says nothing

6

about what the Administrator "shall" do.  Thus, the EPA's interpretation—that the regulation does not impose any non-discretionary duty on the Administrator—is reasonable and the Court must defer to it.

Because the regulations Plaintiffs cite do not impose a non-discretionary duty on the Administrator, the regulations cannot form the basis for Plaintiffs' claim under the citizen suit provision of the CWA.  Accordingly, the Court will dismiss Count I under Rule 12(b)(1) for lack of subject-matter jurisdiction.

### 2. APA Claims (Counts II and III)

In Counts II and III, Plaintiffs assert that the EPA violated the APA, see 5 U.S.C. § 706(2)(A),[2] when it denied their petition, which asked the EPA to require certain CII users to obtain permits for storm water discharges.  Plaintiffs filed their petition in accordance with an EPA regulation.  See 40 C.F.R. § 122.26(f)(2).  This regulation grants any individual the power to petition the EPA to require permits for storm water discharges and requires the EPA to "make a final determination" on that petition within ninety days.  Id. at § 122.26(f)(5).  The regulation was issued under 33 U.S.C. § 1342(p)(2)(E), which mandates that the EPA require permits for storm water discharges "which the Administrator . . . determines . . . contribute[] to a violation of a water quality standard or is a significant contributor of pollutants to waters of the United States."

---

[2] Under § 706(2)(A), a court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

The EPA maintains that this Court lacks subject-matter jurisdiction over Counts II and III because under 33 U.S.C. § 1369(b)(1)(F), "[r]eview of the Administrator's action . . . in issuing or denying any permit under section 1342 of this title . . . may be had by any interested person in the Circuit Court[s] of Appeals of the United States . . . ." (emphasis added). Plaintiffs submit that § 1369(b)(1)(F) does not apply, and therefore, the Court has jurisdiction over these claims in the first instance.

In a recent opinion, the Supreme Court rejected the very same interpretation of § 1369(b)(1)(F) that the EPA makes here. In that case, the EPA argued that the Court should interpret § 1369(b)(1)(F) to include agency actions that merely "dictate[ ] whether a permit is issued or denied." Nat'l Ass'n of Mfrs. v. Dep't of Def., No. 16-299, 2018 WL 491526, at *13 (U.S. Jan. 22, 2018). The Court held that because the EPA action at issue, defining the term "waters of the United States" under § 1362(7), id. at *1, "neither issue[d] nor denie[d] a permit" under § 1342, § 1369(b)(1)(F) did not apply, id. at *12. As the Court observed about the EPA's interpretation,

> Congress easily could have drafted subparagraph (F) in that broad manner. Indeed, Congress could have said that subparagraph (F) covers EPA actions "relating to whether a permit is issued or denied," or, alternatively, EPA actions "establishing the boundaries of EPA's permitting authority." But Congress chose not to do so. The Court declines the Government's invitation to override Congress' considered choice by rewriting the words of the statute.

Id. at *13.

Relying on E.I. du Pont de Nemours & Co. v. Train, 430 U.S. 112 (1977), the EPA contends that § 1369(b)(1)(F) extends to "regulations governing" permitting because

8

otherwise, "it would be a 'truly perverse situation'" for the circuit courts to have jurisdiction over actions issuing or denying permits but not have jurisdiction over "basic regulations governing those individual actions." (Defs.' Mem. at 21, ECF No. 13-1 (first quoting Am. Mining Cong. v. U.S. EPA, 965 F.2d 759, 763 (9th Cir. 1992); and then quoting E.I. du Pont, 430 U.S. at 136)). The Court disagrees for at least two reasons.

First, the Supreme Court recently rejected this argument in National Ass'n of Manufacturers as well. There, as here, the EPA argued that circuit court jurisdiction over the EPA action "would avoid an irrational bifurcated judicial-review scheme" under which circuit courts would have jurisdiction over EPA actions issuing or denying permits, "whereas district courts would review broader regulations governing those actions." Nat'l Ass'n of Mfrs., 2018 WL 491526, at *14. Though it acknowledged E.I. du Pont, the Court nonetheless held that "Congress made clear" that EPA actions like the one at issue, which did not involve issuing or denying a permit, "must be reviewed first in federal district courts." Id. This is so "[e]ven if the Court might draft the statute differently." Id. Thus, no matter how "perverse" or "irrational" the EPA perceives the bifurcated scheme to be, when the EPA action at issue does not involve permitting, the Court cannot ignore Congress' clear intent for district courts to review such actions.

Second, although circuit courts have exercised initial jurisdiction over the promulgation of regulations governing permitting, the EPA's denial of Plaintiffs' petition is not akin to the promulgation of a regulation. Regulations governing permitting are prospective and binding on both the regulator and the regulated parties. As a result,

9

certainty regarding the validity of such regulations is necessary to ensure reliability. This need for certainty weighs in favor of initial circuit court jurisdiction. So, in that context, courts have interpreted § 1369(b)(1)(F) broadly, finding that such regulations relate to "issuing or denying a permit" and therefore should be reviewed in circuit court in the first instance. See, e.g. Nat'l Cotton Council of Am. v. U.S. EPA, 553 F.3d 927, 933 (6th Cir. 2009); Am. Mining Cong. v. U.S. EPA, 965 F.2d 759, 763 (9th Cir. 1992); Nat'l Res. Def. Council, Inc. v. U.S. EPA, 966 F.2d 1292, 1296–97 (9th Cir. 1992); Nat'l Res. Def. Council v. U.S. EPA, 656 F.2d 768, 776 (D.C. Cir. 1981).

Here, instead, the factors that warrant an expansive interpretation of § 1369(b)(1)(F) in the context of promulgating regulation are not present. Plaintiffs asked the EPA to require certain CII water users to obtain permits for their storm water discharges. In other words, they asked the EPA to make a discrete decision pursuant to an existing regulation. The EPA denied Plaintiffs' petition. That denial amounted to a non-binding statement of the agency's views at the time. Because the denial is not binding and has no prospective effect, there is no particular need for certainty regarding the validity of that decision. Thus, there is no need for review in the circuit court in the first instance.

The Court concludes, therefore, that initial jurisdiction in this Court is proper. Accordingly, the Court will deny the Motion as to Counts II and III.

## III. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the EPA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 13). The Court will grant the Motion as to Count I. The Court will deny the Motion as to Counts II and III. A separate Order follows.

Entered this 5th day of February, 2018

/s/
George L. Russell, III
United States District Judge